UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| DONNA C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:21-cv-01219-SLD-JEH |
| | ) | |
| KILOLO KIJAKAZI, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

Before the Court is the parties' joint Stipulation to Award of Attorney Fees and Costs, ECF No. 21.  The parties request that the Court award Plaintiff Donna C. $9,990.70 in attorney's fees and $402.00 in costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1), which provides that a court must award fees and expenses to a prevailing party in any civil action brought by or against the United States.  For the following reasons, the stipulation is GRANTED.

**BACKGROUND**

Donna filed this suit on August 6, 2021, seeking judicial review of Defendant Acting Commissioner of Social Security Kilolo Kijakazi's ("the Commissioner") final decision denying her claim for disability insurance benefits.  Compl. 1–2, ECF No. 1.  On January 24, 2022, Donna moved for summary judgment, Mot. Summ. J., ECF No. 12, and the Commissioner moved for summary affirmance on April 12, 2022, Mot. Summ. Affirmance, ECF No. 16.  The Court granted Donna's motion, denied the Commissioner's motion, reversed the Commissioner's decision, and remanded the case pursuant to sentence four of 42 U.S.C. § 405(g).  Jan. 5, 2023 Order 2, ECF No. 19.  Judgment was entered on January 11, 2023.  Judgment, ECF No. 20.  The parties filed the instant stipulation on March 30, 2023.

1

**DISCUSSION**

## I.   Attorney's Fees Under the EAJA

Under the EAJA, a successful litigant against the federal government is entitled to recover her attorney's reasonable fees if: (1) she is a "prevailing party"; (2) the government's position was not "substantially justified"; (3) there exist no special circumstances that would make an award unjust; and (4) she filed a timely application with the district court.  28 U.S.C. § 2412(d)(1); *Krecioch v. United States*, 316 F.3d 684, 687 (7th Cir. 2003).

First, Donna is a "prevailing party" within the meaning of the EAJA by virtue of having had judgment entered in her favor and her case remanded to the Commissioner for further review.  *See Shalala v. Schaefer*, 509 U.S. 292, 301 (1993) (finding that a remand "which terminates the litigation with victory for the plaintiff" confers prevailing party status under the EAJA); *Tex. State Tchrs. Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791–92 (1989) (deeming prevailing party status appropriate when "the plaintiff has succeeded on 'any significant issue in litigation which achieve[d] some of the benefit the parties sought in bringing suit'" (alteration in original) (quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278–79 (1st Cir. 1978))).

The next question is whether Donna's request for attorney's fees is timely.  Section 2412(d)(1)(B) requires that a party seeking an award of fees submit to the court an application for fees and expenses within 30 days of final judgment in the action.  The term "final judgment" refers to judgments entered by a court of law, not decisions rendered by an administrative agency.  *Melkonyan v. Sullivan*, 501 U.S. 89, 96 (1991).  In Social Security cases involving a remand, the filing period for attorney's fees does not begin until the judgment is entered by the court, the appeal period has run, and the judgment has thereby become unappealable and final.

*Id*. at 102; *Schaefer*, 509 U.S. at 302 ("An EAJA application may be filed until 30 days after a judgment becomes 'not appealable'—*i.e.*, 30 days after the time for appeal has ended."). Judgment was entered on January 11, 2023, and the parties filed the instant stipulation on March 30, 2023, 78 days later.  Either party would have had 60 days to appeal, *see* Fed. R. App. P. 4(a)(1)(B) (providing that where one party is a United States officer sued in an official capacity, the parties have 60 days to appeal), plus the 30-day allowance in accordance with Section 2412(d)(1)(B).  Thus, the parties had to make any EAJA application within 90 days of entry of judgment.  Because the parties' stipulation falls within this window, the Court finds the request is timely.

The next issue is whether the government's position was "substantially justified."  EAJA fees may be awarded if either the Commissioner's litigation position or her pre-litigation conduct lacked substantial justification.  *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004). For the Commissioner's position to have been substantially justified, it must have had reasonable factual and legal bases and a reasonable connection between the facts and her legal theory. *Cunningham v. Barnhart*, 440 F.3d 862, 864 (7th Cir. 2006).  Critically, the Commissioner has the burden of proving that her position was substantially justified.  *Golembiewski*, 382 F.3d at 724 (citing *Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994)).  Here, the parties have jointly filed a stipulation for attorney's fees.  Stipulation 1.  The Commissioner thus cannot be said to have met her burden of establishing that both her litigation position and her pre-litigation conduct were substantially justified.

Finally, no special circumstances exist that would make an award of attorney's fees unjust.  Therefore, Donna is entitled to recover reasonable attorney's fees under the EAJA.

II.     **Reasonableness of Donna's Attorney's Fees**

It is a successful litigant's burden to prove that the attorney's fees she requests are

reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).  Reasonable fees are calculated by

multiplying the appropriate number of hours worked by a reasonable hourly rate. *Id*. at 433.  The

rate is calculated with reference to prevailing market rates and capped at $125 per hour unless

the court determines that "an increase in the cost of living or a special factor, such as the limited

availability of qualified attorneys for the proceedings involved," warrants a higher hourly rate.

28 U.S.C. § 2412(d)(2)(A).  The Seventh Circuit has set forth the following standard for EAJA

claimants seeking a higher hourly rate:

> An EAJA claimant seeking a cost-of-living adjustment to the attorney fee rate . . . .
> may rely on a general and readily available measure of inflation such as the
> Consumer Price Index, as well as proof that the requested rate does not exceed the
> prevailing market rate in the community for similar services by lawyers of
> comparable skill and experience.  An affidavit from a single attorney testifying to
> the prevailing market rate in the community may suffice to meet that burden.

*Sprinkle v. Colvin*, 777 F.3d 421, 423 (7th Cir. 2015).

To determine the appropriate number of hours worked, the Court turns to Donna's

attorney's itemization of hours. *See* Time Itemization, ECF No. 21-1.  The itemization shows

that Donna's attorney spent 51.75 hours on her case, with a further 0.25 hours spent on the case

by support staff. *Id*. at 1–2.  The Court finds that all 52 hours spent on this case were

appropriately billed. *Cf. Kinsey-McHenry v. Colvin*, Cause No. 2:12-CV-332-PRC, 2014 WL

1643455, at *3 (N.D. Ind. Apr. 23, 2014) (noting that courts within the Seventh Circuit have

found 40 to 60 hours expended on a Social Security appeal reasonable).

Donna's attorney asserts that his work should be compensated at the hourly rate of

$210.12.  Time Itemization 2.  To justify the requested rate, he points to the change in the

consumer price index ("CPI") for consumers in the Chicago-Naperville-Elgin area between the

time Congress set the rate cap at $125 per hour (March 1996) and the CPI as of January 2022. *See id.*[1]  He further provides an affidavit from Attorney Brian D. Johnson attesting that the requested rate does not exceed the prevailing market rate for attorneys of similar caliber.  *See* Johnson Aff. ¶¶ 5, 7, ECF No. 21-2.

The Court finds that an increase above the statutory $125 ceiling is warranted both by the change in the CPI and by the assurances contained in the affidavit that the rate of compensation sought is not excessive.  To determine what fee increase above the statutory ceiling may be authorized, courts have looked to the ratio of the CPI at the time legal services were rendered to the CPI at the time the current statutory limit of $125 was set.  The $125 limit is multiplied by this ratio to determine the proportional change in rate.  *See, e.g.*, *Booker v. Colvin*, No. 09 C 1996, 2013 WL 2147544, at *6 (N.D. Ill. May 16, 2013); *Carnaghi v. Astrue*, No. 11 C 2718, 2012 WL 6186823, at *5 (N.D. Ill. Dec. 12, 2012).

The work in this case was performed during January 2022.  Time Itemization 1–2.  The January 2022 CPI for the Chicago-Naperville-Elgin area was 262.730.  *See CPI for All Urban Consumers (CPI-U), Chicago-Naperville-Elgin Area*, U.S. Bureau of Labor Statistics, https://beta.bls.gov/dataViewer/view/timeseries/CUURS23ASA0 (change time period to from

---

[1] There is some confusion in the case law over whether courts should use a regional CPI or the national CPI.  *See, e.g.*, *Jensen v. Berryhill*, 343 F. Supp. 3d 860, 865–67 (E.D. Wis. 2018) (noting that district courts in the Seventh Circuit have used both the national and regional CPIs).  Donna's attorney does not specify which CPI he uses in the Time Itemization, but the figures he uses match those for the Chicago-Naperville-Elgin area, so the Court presumes he wishes the Court to look to those numbers to calculate the change in the CPI between March 1996 and January 2022.  *See CPI for All Urban Consumers (CPI-U), Chicago-Naperville-Elgin Area*, U.S. Bureau of Labor Statistics, https://beta.bls.gov/dataViewer/view/timeseries/CUURS23ASA0 (change time period to from 1996 to 2023) (last visited April 13, 2023).  The Stipulation, however, suggests that the Court should look to the "CPI for the Midwest Region."  *See* Stipulation 3 & n.4.  Yet the Stipulation does not provide a calculation of the appropriate rate for January 2022 based on this CPI, and the CPI for the Midwest Region for March 1996 and January 2022 do not match the figures provided by Donna's attorney.  *Compare CPI for All Urban Consumers (CPI-U), Midwest Area*, U.S. Bureau of Labor Statistics, https://data.bls.gov/cgi-bin/surveymost?cu (select Midwest region, All items) (change time period to from 1996 to 2023) (last visited April 13, 2023), *with* Time Itemization 2.  The Court will follow Donna's attorney's lead and use the CPI for the Chicago-Naperville-Elgin area in calculating the change in CPI between March 1996 and the month in which Donna's attorney worked on this case.

1996 to 2022) (last visited April 13, 2023).  As the CPI in March 1996 was 156.3, *id.*, the CPI

had increased by a factor of 1.68093.  An increase of the $125 statutory cap to $210.12 is

therefore warranted.  Using this rate, the total amount of attorney's fees for the 51.75 hours of

work Donna's attorney performed is $10,873.71.

Donna's attorney further asserts that the work performed by support staff should be

compensated at an hourly rate of $40.00.  *See* Time Itemization 1.  This hourly rate is reasonable.

*See Chorak v. Astrue*, Civil No. 2:11CV114, 2012 WL 1577448, at *2 (N.D. Ind. May 4, 2012)

(collecting cases awarding a $100.00 hourly rate to law clerks and paralegals).  In this case,

support staff expended a total of 0.25 hours.  This results in a total of $10.00.  Combining this

figure with that for the attorney's work, $10,873.71, yields a total of $10,883.71.  The parties

have stipulated to the amount of $9,990.70.  This amount is reasonable.  *See, e.g.*, *Miller v.*

*Comm'r Soc. Sec.*, CAUSE NO. 1:16-cv-00122-SLC, 2018 WL 5668934, at *3, *5 (N.D. Ind.

Nov. 1, 2018) (awarding an hourly rate of $190.00 for a total of $11,457.00 in fees and collecting

cases approving similar rates).  The parties have further stipulated to costs in the amount of

$402.00, which the Court also finds reasonable.  *See* 28 U.S.C. § 2412(a)(1) (providing for an

award of litigation costs to a prevailing party in a civil action brought against the federal

government).

## CONCLUSION

Accordingly, the Stipulation to Award of Attorney Fees and Costs, ECF No. 21, is

GRANTED.  Plaintiff Donna C. is awarded $9,990.70 in EAJA fees and $402.00 in costs.  This

amount may be offset to satisfy any pre-existing debt that Donna owes to the United States.  *See*

*Astrue v. Ratliff*, 560 U.S. 586, 593 (2010).  If Donna provides a valid assignment of fees and the

Commissioner can verify that Donna does not owe a pre-existing debt to the United States

subject to offset, the Commissioner shall direct payment of the award to Donna's attorney. *See*

*Mathews-Sheets v. Astrue*, 653 F.3d 560, 565–66 (7th Cir. 2011), *overruled on other grounds by*

*Sprinkle*, 777 F.3d 421.  If Donna does owe a pre-existing debt subject to offset in an amount

less than the EAJA award, the Commissioner will instruct the U.S. Department of the Treasury

that any check for the remainder after offset be made payable to Donna and mailed to the

business address of Donna's attorney.

      Entered this 9th day of May, 2023.

s/ Sara Darrow
_____
SARA DARROW
CHIEF UNITED STATES DISTRICT JUDGE
